FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          :        CASE NO. 11-01141 (ESL)
                                                :
CARLOS LUCIANO DIAZ ESTERAS,                    :
 a/k/a CARLOS L. DIAZ                            :        CHAPTER 13
                                                :
                                                :
        Debtor                                  :
_____         :

OPINION AND ORDER

This case is before the court upon the Chapter 13 Trustee's ("Trustee") amended motion for the turnover of funds ($5,404.49) by the Debtor to the Trustee which the Debtor obtained from the pre-petition sale of a residential property based on the following arguments: (i) the non-exempt funds are property of the estate and the Debtor is not entitled to dispose of the same pursuant to 11 U.S.C. §1306 and §541(a); and (ii) the high risk of depletion of the monies which will most probably be detrimental to the Chapter 13 estate and the unsecured creditors' best interest (Docket No. 30). The Debtor in its reply to the Trustee's request for turnover of funds presents the following arguments: (i) chapter 13 debtors have the right to remain in possession of all property (exempt and non-exempt) of the estate pursuant to 11 U.S.C. §1306; and (ii) the purpose of 11 U.S.C. §1303 is to transfer to the debtor the powers and duties of a trustee under sections 363(b), 363(d), 363(e), 363(f) and 363(l), thus allowing debtors to use, sell or lease property of the estate in the same manner as they did prior to the filing of the bankruptcy petition (Docket No. 36). The Trustee filed its reply to the Debtor's reply to the Chapter 13 Trustee's amended motion for turnover of funds (Docket No. 47). For the reasons set forth below the Trustee's amended motion for turnover of funds is hereby denied.

Facts and Procedural Background

The Debtor filed a petition under Chapter 13 of the Bankruptcy Code and a Chapter 13 plan on February 16, 2011. The Trustee did not recommend the plan as it failed the liquidation value test pursuant to 11 U.S.C. §1325(a)(4). The Trustee noted that the liquidation value of the estate was $12,835 and that the plan distributes to the unsecured creditors $10, 329.69 (Docket No. 29). The Trustee states that the Debtor sold a real property on February 8, 2011, prior to the filing of his

bankruptcy petition, and received $15,504.49 in cash proceeds from the sale transaction which are currently in his possession. The funds were not initially disclosed in the Debtor's Schedules, but the trustee was informed of the sale at the 341 meeting of creditors (Docket No. 12). The trustee filed an urgent motion pursuant to 11 U.S.C. §105(a) and §1325(a)(4) seeking a court order restricting the use of these funds and requiring the Debtor to seek authorization from this court prior to their use due to the alleged risk of depletion which can be detrimental to the unsecured creditors' best interests (Docket No. 11). The court concluded that the trustee was seeking an injunction pursuant to Fed. R. Bankr. P. 7001(7), and the Debtor was granted fourteen (14) days to reply since the motion filed by the trustee failed to include the time within which the Debtor must reply or object to the same (Docket No. 13). The court in its Order clarified that the Trustee was not requesting the turnover of property from the Debtor, which is the exception to the requirement of filing an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(1). In its Order the court also noted that a review of the schedules and statement of affairs does not show that the Debtor disclosed the cash or the transfer (Docket No. 13).

On April 4, 2011, the Debtor filed a motion to amend line item 10 of his Statement of Financial Affairs to include the transfer of the real estate property (Docket No. 16). Also on April 4, 2011, Debtor filed an Amended Schedule B (Personal Property) to include the net income from the sale of the real property (Docket No. 17). Subsequently, on April 5, 2011, the Debtor filed its Answer to this court's Order (Docket No. 13) by which he alleges the following: (i) the sale of the real estate was informed verbally at the creditors' meeting; (ii) the information regarding the sale of the real estate was not included in the original petition because the sale was very recent; (iii) the amendments to the petition have already been filed and the documentation requested by the Trustee has already been submitted; (iv) the amount of money was disclosed in the amended Schedule B and is deposited in a savings account; (v) Debtor is a senior citizen with health problems and these monies are his only savings which may be utilized for his medicines and health related expenses; and (vi) the amount of money is not a considerable amount which will affect the best interests of the creditors' test (Docket No. 18). The Trustee on April 6, 2009 filed a motion requesting entry of Order for turnover of funds based on the following: (i) the funds in the amount of $15,504.49 and in possession of Debtor are property of the estate pursuant to 11 U.S.C. §§1306(a) and 541(a), thus Debtor is not entitled to

dispose of the same; and (ii) the high risk of depletion due to the immediate liquidity of said asset will probably be detrimental to the unsecured creditors' best interest (Docket No. 19). On April 13, 2011 the Debtor filed an amended Schedule C (Property Claimed As Exempt) to include the exemption under 11 U.S.C. §522(d)(5) in the amount of $10,100 and to decrease the amount of the exemption under 11 U.S.C. §522(d)(1) from $20,200 to $10,200 (Docket No. 20).

On April 26, 2011, the Trustee filed an unfavorable report of confirmation of the plan dated February 16, 2011, due to the following: (i) it failed the liquidation value test under 11 U.S.C. §1325(a)(4); (ii) the plan did not provide for the lift of the automatic stay on behalf of Doral; and (iii) there were several objections pending adjudication (Docket No. 29). On April 27, 2011, the Trustee filed an amended motion requesting that the Debtor turnover to the Trustee certain monies ($5,404.49) which he obtained from the pre-petition sale of a residential property based on the following arguments: (i) the non-exempt funds are property of the estate and the Debtor is not entitled to dispose of the same pursuant to 11 U.S.C. §1306 and §541(a); and (ii) the high risk of depletion of the monies which will most probably be detrimental to the Chapter 13 estate and the unsecured creditors' best interest (Docket No. 30). On April 27, 2011, the confirmation hearing was held, but the same was continued without a date, pending resolution to the objections to claims (Docket No. 31). During the confirmation hearing, Debtor admitted that the funds are property of the estate but that turnover is not required. The court granted the Debtor fifteen (15) days to reply to the amended motion for turnover of funds (Docket No. 30).

On May 9, 2011, the Debtor filed his reply to the trustee's amended motion for turnover of funds, opposing the turnover of the remaining monies ($5,404.49) based on the following arguments: (i) chapter 13 debtors have the right to remain in possession of all property (exempt and non-exempt) of the estate pursuant to 11 U.S.C. §1306; and (ii) the purpose of 11 U.S.C. §1303 is to transfer to the debtor the powers and duties of a trustee under sections 363(b), 363(d), 363(e), 363(f) and 363(l), thus allowing debtors to use, sell or lease property of the estate in the same manner as they did prior to the filing of the bankruptcy petition (Docket No. 36). On June 29, 2011, the Trustee filed its sur-reply to Debtor's reply to the amended motion for turnover arguing that: (i) pursuant to 11 U.S.C. §541(a)(1) and §1306, the non-exempt funds constitute property of the estate and thus, the Debtor is

not entitled to retain them and should surrender these funds to the Trustee; (ii) the debtor has the duty under 11 U.S.C. §521(a)(4) and §542(a) to surrender to the trustee all property of the estate; and (iii) Debtor has not established the need to retain these funds as being reasonably necessary to support himself (Docket No. 47).

The issue before this court is whether a debtor who has filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code must surrender to the Trustee non-exempt liquid assets (such as cash), which are property of the estate, to distribute the same to his unsecured creditors. For the reasons set forth below, this court denies the Trustee's request for turnover of funds and grants the Debtor the opportunity to file an amended plan which complies with 11 U.S.C. §1325(a)(4).

Applicable Law And Analysis

Section 1303 provides that, "[s]ubject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l), of this title." 11 U.S.C. §1303. The chapter 13 debtor exercises the trustee's rights and powers pursuant to Section 363 regarding the use, sale and lease of property of the estate, outside the ordinary course of business. See Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶363.01 (16th ed. 2011). Thus, "the chapter 13 trustee may not exercise the rights or powers conferred by section 363(b), although the chapter 13 trustee may use, sell or lease property of the estate pursuant to the terms of a confirmed plan or of the order confirming the plan." Alan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶1303.01 (16th ed. 2011). Moreover, the trustee's use of Section 542[1] in a chapter 13 case is thwarted by Section 1303. See Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, §52.1, Rev. Aug. 16, 2004, www.Ch13online.com ("Literal application of the turnover power in §542 produces nonsense in a

---

[1]Section 542 provides in pertinent part;
"(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. §542(a).

4

Chapter 13 case: delivery of property to the trustee will never be required because the Chapter 13 trustee is prohibited from using or possessing estate property, at least until entry of a contrary confirmation order.").

Section 1303 must be read in conjunction with Section 1306 which provides,

"(a) Property of the estate includes, in addition to the property specified in section 541 of this title–

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

(b) Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate." 11 U.S.C. §1306.

Section 1306(b) specifically grants the debtor the exclusive right to possess and control all estate property, unless a confirmed plan disposes otherwise or an order confirming a plan provides for the use, sale or lease of property of the estate by the chapter 13 estate trustee. See Alan N. Resnick & Henry J. S ommer, 8 Collier on Bankruptcy ¶1303.01 (16th ed. 2011); Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, §44.1, Rev. May 21, 2004, www.Ch13online.com ("The most important practical consequence of the Chapter 13 debtor's exclusive control of estate property is that the debtor remains in possession of and may continue to use property of the estate despite liens, security interests, defaults or other claims of creditors."). Moreover, "the right to remain in possession of all property of the estate is a major advantage of chapter 13 debtors who would be required to turn over nonexempt property to the trustee in a chapter 7 case." Alan N. Resnick & Henry J. Sommer, 8 Collier on Bankruptcy ¶1306.01 (16th ed. 2011). Furthermore, the specific provisions of Section 1306(b) override that of Section 521(a)(4)[2] regarding the turnover by

---

[2] Section 521(a)(4) provides in pertinent part; "[t]he debtor shall–
(4) if a trustee is serving in the case or an auditor is serving under section 586(f) of title 28, surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title." 11 U.S.C. §521(a)(4).

the debtor of non-exempt estate property. See Id at ¶1306.03.

This court finds that the funds in controversy are property of the estate pursuant Sections 541(a) and 1306 and that a chapter 13 debtor pursuant to Section 1303 exercises the trustee's rights and powers under Section 363. Moreover, the Debtor is entitled under Section 1306(b) to control and remain in possession of these non-exempt funds absent a confirmed plan or an Order from this court that provides otherwise.

Notwithstanding the above ruling, the Trustee has filed an unfavorable recommendation on the Debtor's Chapter 13 plan because it fails the liquidation value test pursuant to 11 U.S.C. §1325(a)(4). It appears that partial inclusion of the monies (estate property) will be necessary for the Debtor to fund his Chapter 13 plan and confirm the same. Thus, the court grants the Debtor the opportunity to file an amended plan which complies with 11 U.S.C. §1325(a)(4).

Conclusion

In view of the foregoing, the court finds that the Trustee's request for the turnover of funds pursuant to 11 U.S.C. §§541(a), 542 and 1306 is hereby DENIED. The court grants the Debtor fourteen (14) days to file an amended plan that complies with 11 U.S.C. §1325(a)(4), or show cause why the case should not be dismissed pursuant to 11 U.S.C. §1307(c)(1) and (5).

SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of November 2011.

Enrique S. Lamoutte
United States Bankruptcy Court

6